IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DEVORIS ANTOINE NEWSON,

    Plaintiff,

    v.                                                                      Case No. 5:18-CV-04042-HLT

TONY WOLF, et al.,

    Defendants.

## ORDER

This matter is before the Court after Mr. Newson failed to respond to its April 11, 2019 Order to Show Cause why it should not dismiss his case for failure to respond to its December 2018 Order to Show Cause and for failure to prosecute. Doc. 30. In that Order, the Court warned Mr. Newson that if he did not timely respond, it would likely dismiss his claims against Mr. Ortega.[1] The Court does so now, for the reasons stated below.

## I. BACKGROUND

In May 2018, Mr. Newson brought this action under 42 U.S.C. § 1983 against seven defendants. Doc. 1. Four Defendants were served and entered appearances in June 2018. Doc. 6. In July 2018, summonses were issued to the other three Defendants, including Mr. Ortega, and all were returned unexecuted.[2] Docs. 12, 13, 14. Nonetheless, two of the Defendants entered appearances in August 2018. Mr. Ortega has not entered an appearance.

---

[1]    The claims against the other Defendants were resolved by the Court's granting of their motion for summary judgment (Doc. 20) on April 11, 2019. Doc. 29. Mr. Ortega did not join in the motion.

[2]    The Court notes that the claims against Mr. Ortega could be dismissed pursuant to Federal Rule of Civil Procedure 4(m) for failure to serve Mr. Ortega, but such dismissal would be without prejudice. FED. R. CIV. P. 4(m).

In November and December 2018, Defendants, except for Mark Ortega, moved for summary judgment and moved to deem facts admitted. Docs. 20, 24. Mr. Newson did not timely respond to either motion, so on December 17, 2018, the Court entered an Order to Show Cause why the motions should not be granted. Doc. 25. Mr. Newson did not respond, and the mailing containing the Order was returned undeliverable. Doc. 26. On April 11, 2019, the Court granted Defendants' motion for summary judgment (Doc. 20) and the motion to deem facts admitted (Doc. 24). Doc. 29. That same day, the Court ordered Mr. Newson to show cause by April 26, 2019, why this case should not be dismissed for (1) failure to prosecute, and (2) failure to respond to the Court's December 17, 2018 Order to Show Cause (Doc. 25). Doc. 30. On April 25, 2019, the mailing containing the Order was returned undeliverable (Doc. 31). Mr. Newson has not responded to that Order—or the April 17, 2019 Order—and last communicated with the Court in July 2018.

## II. ANALYSIS

Dismissal for failure to prosecute or comply with a court order is governed by Federal Rule of Civil Procedure Rule 41(b), which states: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b).[3] Further, a court may dismiss an action *sua sponte* for failure to prosecute. *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). To dismiss a case with prejudice under Rule 41(b), the Court ordinarily must consider the five factors listed in *Ehrenhaus v. Reynolds*: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." 965 F.2d 916, 921 (10th Cir. 1992) (internal citations and quotations omitted).

---

[3]   This Memorandum will refer primarily to "failure to prosecute," but notes that the same analysis applies to Mr. Newson's failure to comply with the Court's Orders to Show Cause.

As to the first factor, Mr. Ortega has not been served and has not entered an appearance, and therefore, has not incurred any attorney fees or suffered delay or uncertainty about his liability. *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993) (listing examples of prejudice). The Court concludes that Mr. Ortega has not suffered prejudice from Mr. Newson's inaction. So the first *Ehrenhaus* factor does not move the needle toward dismissal with prejudice.

But the second factor does. Mr. Newson's repeated failures to respond to Defendants' motions and to comply with this Court's orders necessarily interfere with the effective administration of justice.[4] His inaction shows a lack of respect for the judicial process, and his neglect of his case has caused the Court to spend unnecessary time and effort reviewing the docket and preparing orders. Dismissing the case without prejudice would leave open the possibility that the Court would have to again issue show cause orders and/or address dispositive motion filings. Thus, the Court finds that the second *Ehrenhaus* factor weighs strongly in favor of dismissal with prejudice.

Third, Mr. Newson is culpable for the delay in the prosecution of this case because he has failed to respond to motions or Court orders, likely due to non-receipt of those documents. *See* Docs. 17, 23, 26, 31 (envelopes returned undeliverable).[5] But Mr. Newson is culpable for the non-receipt, because he failed to update his address with the Court as required by Local Rule 5.1. D. Kan. R. 5.1(c)(3). Mr. Newson previously showed his ability to comply with this requirement: he filed a change of address on July 2, 2018 when he was moved to a different correctional facility.

---

[4]   "The federal courts are not a playground for the petulant or absent-minded; our rules and orders exist, in part, to ensure that the administration of justice occurs in a manner that most efficiently utilizes limited judicial resources." *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 856 (10th Cir. 2005) (dismissing an appeal).

[5]   If Mr. Newson received the other mailings, he chose not to respond to them.

Doc. 7. But Mr. Newson has not communicated with the Court since then. Mr. Newson's culpability for the delay weighs in favor of dismissal with prejudice.

Fourth, the Court specifically warned Mr. Newson that failure to respond to its April 11, 2019 Order to Show Cause would likely result in dismissal of his claims against Mr. Ortega. Doc. 30. Thus, this *Ehrenhaus* factor weighs in favor of dismissal with prejudice.

Finally, the Court considers the efficacy of lesser sanctions. The Court recognizes that dismissal with prejudice "should be used as a weapon of last, rather than first, resort" because it defeats a litigant's access to the courts. *Ehrenhaus*, 965 F.2d at 920. But Mr. Newson's failure to respond to Defendants' motions and to the Court's Orders to Show Cause indicates to the Court that Mr. Newson is no longer interested in pursuing his case. The Court finds that no sanction would be effective to encourage Mr. Newson to respond to its Orders or take action in this case,[6] given that he has failed to (1) serve some Defendants; (2) update his address with the Court; (3) respond to Defendants' motions to deem facts admitted and for summary judgment; (4) respond to the Court's December 17, 2018 Order to Show Cause; and (5) respond to the Court's April 11, 2019 Order to Show Cause. Therefore, the Court finds that the fifth *Ehrenhaus* factor also weighs in favor of dismissal with prejudice.

## III. CONCLUSION

Based on the foregoing, the Court finds that dismissal with prejudice of Mr. Newson's claims against Mr. Ortega is appropriate pursuant to Federal Rule of Civil Procedure 41(b) because of Mr. Newson's failure to prosecute and to obey orders of the Court.

---

[6]    *See Villecco v. Vail Resorts, Inc.*, 707 F. App'x 531, 533 (10th Cir. 2017) (approving district court's conclusion that a lesser sanction "would not have a 'real impact on [plaintiff] in encouraging responsiveness'").

THE COURT THEREFORE ORDERS that Mr. Newson's claims against Mr. Ortega are dismissed with prejudice.

THE COURT FURTHER ORDERS that Mr. Newson failed to respond to the April 11, 2019 Order to Show Cause (Doc. 30).

THE COURT FURTHER ORDERS that the case is closed.

IT IS SO ORDERED.


DATED:   May 14, 2019                          /s/ *Holly L. Teeter*
                                               HOLLY L. TEETER
                                               UNITED STATES DISTRICT JUDGE